JS 44  (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Judy Brown

**DEFENDANTS**

Simpson Meadows; Simpson Meadows Inc.; Senior Simpson Services Inc. a/k/a Simpson Senior Services; Simpson Retirement Communities, LLC

**(b)** County of Residence of First Listed Plaintiff  Chester County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Philadelphia County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Katherine C. Oeltjen, Esq., Console Mattiacci Law,
1525 Locust Street, 9th Fl., Philadelphia, PA 19102, 215-545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another District *(specify)*    ☐ 6 Multidistrict Litigation - Transfer    ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §2000e, et seq.; 42 U.S.C. §1981, et seq.; 43 P.S. §951, et seq.; Phila. Code § 9-1101, et seq.

Brief description of cause:
Plaintiff was discriminated against because of her race and retaliated against for her complaints of same.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
in excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*  JUDGE _____  DOCKET NUMBER _____

DATE
12/18/2023

SIGNATURE OF ATTORNEY OF RECORD
*Katherine C. Oeltjen*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Coatesville, PA 19320 _____

Address of Defendant: _____ 2101 Belmont Avenue, Philadelphia, PA 19131 _____

Place of Accident, Incident or Transaction: _____ Philadelphia, PA 19131 _____

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/18/2023 _____ _____ 318037

_____ *Attorney-at-Law / Pro Se Plaintiff* _____ _____ *Attorney I.D. # (if applicable)* _____

---

**CIVIL: (Place a √ in one category only)**

*A.    Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

*B.    Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Katherine C. Oeltjen _____, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: 12/18/2023 _____ _____ 318037

_____ *Attorney-at-Law / Pro Se Plaintiff* _____ _____ *Attorney I.D. # (if applicable)* _____

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| JUDY BROWN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SIMPSON MEADOWS, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( X )

| 12/18/2023 | _Katheri C. Oeltjen_ | Plaintiff, Judy Brown |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-565-2859 | oeltjen@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JUDY BROWN<br>Coatesville, PA 19320<br><br>Plaintiff,<br><br>v.<br><br>SIMPSON MEADOWS<br>2101 Belmont Avenue<br>Philadelphia, PA 19131<br><br>and<br><br>SIMPSON MEADOWS INC.<br>101 Plaza Drive, Suite 103<br>Downingtown, PA 19335<br><br>and<br><br>SENIOR SIMPSON SERVICES INC. a/k/a<br>SIMPSON SENIOR SERVICES<br>150 Monument Road, Suite 105<br>Bala Cynwyd, PA 19004<br><br>and<br><br>SIMPSON RETIREMENT<br>COMMUNITIES, LLC<br>150 Monument Road, Suite 105<br>Bala Cynwyd, PA 19004<br><br>Defendants. | CIVIL ACTION NO.:<br><br><br>**COMPLAINT AND JURY TRIAL**<br>**DEMAND** |

## I.    INTRODUCTION

Plaintiff, Judy Brown ("Plaintiff"), brings claims against her former employers, Simpson

Meadows; Simpson Meadows Inc.; Senior Simpson Services Inc. a/k/a Simpson Senior Services;

and Simpson Retirement Communities, LLC ("Defendants" or "Simpson"). Defendants failed to

1

promote Plaintiff, subjected her to a hostile work environment, and retaliated against her because of her race and because of her complaints of race discrimination. Further, Defendants failed to investigate Plaintiff's complaints or remedy or prevent the discriminatory, hostile, and retaliatory work environment to which she was subjected. Plaintiff now brings claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*. ("Title VII"); the Civil Rights Act of 1866, as amended, 42 U.S.C. §1981 ("Section 1981"); the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"); and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO"). Plaintiff seeks all appropriate relief, including back-pay, front-pay, compensatory damages, punitive damages, attorneys' fees and costs, and any other available statutory relief that this Court deems appropriate.

## II.    PARTIES

1.      Plaintiff, Judy Brown, is an individual and a citizen of the State of Pennsylvania. She resides in Coatesville, PA 19320.

2.      Plaintiff is Black.

3.      Defendant Simpson Meadows is organized under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 2101 Belmont Avenue, Philadelphia, PA 19131.

4.      Defendant Simpson Meadows Inc. is organized under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 101 Plaza Drive, Suite 103, Downingtown, PA 19335.

5.      Defendant Senior Simpson Services Inc. a/k/a Simpson Senior Services is organized under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 150 Monument Road, Suite 105, Bala Cynwyd, PA 19004

2

6. Defendant Simpson Retirement Communities, LLC is organized under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 150 Monument Road, Suite 105, Bala Cynwyd, PA 19004.

7. Defendant Simpson Meadows issued Plaintiff's payroll and tax forms.

8. Defendant Senior Simpson Services Inc. a/k/a Simpson Senior Services is the parent company of Defendant Simpson Meadows and Defendant Simpson Meadows Inc.

9. Defendant Simpson Retirement Communities, LLC is a for-profit limited liability corporation affiliated with Defendant Simpson Services Inc. a/k/a Simpson Senior Services.

10. At all material times, Defendants acted as a single employer, joint employers, and/or alter egos.

11. Defendants are engaged in an industry affecting interstate commerce and regularly do business in the Commonwealth of Pennsylvania.

12. At all times material hereto, Plaintiff worked out of Defendants' facilities in Pennsylvania.

13. At all times material hereto, Defendants employed fifteen (15) or more employees.

14. At all times material hereto, Defendants acted by and through authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of its business.

15. At all times material hereto, Defendants, collectively and individually, were employers within the meaning of the statutes which form the basis of this matter.

16. At all times material hereto, Plaintiff was an employee of Defendants within the meaning of the statutes which form the basis of this matter.

III.    **JURISDICTION AND VENUE**

17.    The causes of action which form the basis of this matter arise under Title VII, Section 1981, the PHRA, and the PFPO.

18.    The District Court has jurisdiction over Count I (Title VII) and Count II (Section 1981) pursuant to 28 U.S.C. §1331.

19.    The District Court has supplemental jurisdiction over Count III (PHRA) and Count IV (PFPO) pursuant to 28 U.S.C. § 1367.

20.    Venue is proper in the District Court under 28 U.S.C. §1391(b).

21.    On or about March 15, 2022, Plaintiff filed a Charge of Discrimination with the Pennsylvania Human Relations Commission ("PHRC") complaining of the acts of discrimination and retaliation alleged herein. The Charge of Discrimination was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). Attached hereto and incorporated herein and marked as Exhibit "1" is a true and correct copy of the Charge of Discrimination (with personal identifying information redacted).

22.    On or about September 20, 2023, the EEOC issued to Plaintiff a Dismissal and Notice of Rights for Plaintiff's EEOC Charge. Attached hereto and marked as Exhibit "2" is a true and correct copy of that notice (with personal identifying information redacted).

23.    Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

IV.    **FACTUAL ALLEGATIONS**

24.    Plaintiff began working at Defendants on or about July 9, 2019.

25.    Plaintiff last held the position of Business and Human Resource Director.

4

26. Plaintiff consistently performed her job duties in a highly competent manner and received positive feedback.

27. Plaintiff last reported to Gail Dooley (white), Executive Director.

28. Dooley reported to Douglas Flasher (white), Chief Operating Officer.

29. Defendants have an underrepresentation of Black employees, especially in high level positions.

30. On January 1, 2020, Plaintiff began reporting to Dooley.

31. Dooley had no role in Plaintiff being hired.

32. At the time of Plaintiff's resignation, she was the only Black employee directly reporting to Dooley.

33. At the time of her resignation, Plaintiff was the only Black employee holding a Director position at Defendants.

34. At the time of her resignation, Plaintiff was the highest-ranking Black employee at Defendants.

35. Dooley treated Black employees, including Plaintiff, differently and worse, and in a more hostile and dismissive manner, than she treated white employees.

36. Dooley held Plaintiff to a more stringent standard than she held white employees.

37. Dooley allowed white employees more flexibility with their schedules than she allowed Plaintiff.

38. Dooley provided white Directors with laptops to work from home but, despite Plaintiff's request for a laptop to work from home, she was denied the same.

39. On August 20, 2020, Plaintiff requested a salary increase.

40.     Dooley responded that Plaintiff was doing what she had been hired to do and that a salary increase was not warranted.

41.     Defendants failed to give Plaintiff a salary increase because of her race.

42.     On February 14, 2021, after Plaintiff had terminated now former employee Maxine DeSanto (white), at Defendants' instruction, DeSanto called Plaintiff in her office, yelling and cursing at her.

43.     Plaintiff had DeSanto on speakerphone, and Joanne Wills (white), Receptionist, could hear the conversation.

44.     Before hanging up the phone on Plaintiff, DeSanto called Plaintiff a "nigger."

45.     On February 14, 2021, following the above, Plaintiff immediately complained to Dooley that DeSanto had called her a "nigger."

46.     Dooley asked Wills if the same was true, and Wills confirmed that it was.

47.     Following the above, DeSanto called Defendants several more times, asking to get her second COVID-19 vaccination at Defendants' employee clinic.

48.     Following the above, Plaintiff heard that Defendants had made the decision to allow DeSanto to return to Defendants to get her second COVID-19 vaccination at their employee clinic.

49.     On February 26, 2021, in a conversation with Dooley, Plaintiff objected to Defendants' decision to allow DeSanto to return to get her second COVID-19 vaccination at Defendants' employee clinic after she had called Plaintiff a "nigger."

50.     On March 1, 2021, at a Directors' meeting, which Dooley attended, Plaintiff complained of race discrimination.

51.    Plaintiff complained that Defendants had made the decision to allow DeSanto to return to get her second COVID-19 vaccination at their employee clinic after calling Plaintiff a "nigger."

52.    Plaintiff stated that Defendants' handbook stated that Defendants did not accept any form of racism, but that Defendants were not adhering to the same.

53.    Plaintiff stated that Defendants' decision made her feel unvalued and unappreciated.

54.    Dooley responded that she had not taken Plaintiff's feelings into consideration.

55.    In March 2021, Plaintiff obtained her Assisted Living Certification License.

56.    In March 2021, following the above, Dooley asked Plaintiff why she obtained her Assisted Living Certification License.

57.    Plaintiff told Dooley that she obtained the License because she wanted to advance her career with Defendants, and that obtaining her License was the next step.

58.    Plaintiff told Dooley that she was also taking Nursing Home Administrators classes so that she could continue to advance her career with Defendants.

59.    Dooley told Plaintiff that taking such classes was unnecessary.

60.    Plaintiff expressed her desire to be promoted at Defendants.

61.    On July 15, 2021, Defendants hired Ashley Kratzer (white), Controller.

62.    On August 9, 2021, Defendants hired Kenneth Franiak (white), Vice President for Finance and Chief Financial Officer.

63.    On October 20, 2021, in a meeting with Dooley and Parks, Plaintiff complained of race discrimination.

7

64.    Plaintiff complained that Dooley treated her differently and worse than she treated Laura Kasal (white), Director.

65.    Dooley was dismissive of Plaintiff's complaint.

66.    Dooley told Plaintiff that she would not discuss another employee's treatment with her, could not change the way Plaintiff felt, and did not feel like she had said or done anything wrong.

67.    On October 21, 2021, in an email to Flasher, Plaintiff stated the following: "I would like to speak with you regarding my conversation with Gail yesterday morning. I know you are busy with the budget but if you could let me know when you are available I would appreciate it."

68.    Plaintiff received no response to her email.

69.    On November 1, 2021, Dooley announced that she was retiring, effective in 2022, and that Defendants were searching for her replacement.

70.    Plaintiff expressed her desire to be promoted to the Executive Director position that Dooley would be vacating.

71.    Plaintiff asked Dooley when her position would be posted.

72.    Dooley stated that posting the position was unnecessary.

73.    From December 2 to 9, 2021, Plaintiff went out of work on medical leave of absence, due to the race discrimination to which she had been subjected.

74.    On December 14, 2021, Plaintiff applied for the posted Nursing Home Administrator position.

75.    Plaintiff was qualified for the position.

76.    Plaintiff received no response to her application.

77.    It appeared in Defendants' system that Plaintiff's application was never reviewed.

8

78.     Plaintiff received no explanation, including the criteria, as to why she was not interviewed or selected for the Nursing Home Administrator position.

79.     Defendants failed to interview Plaintiff or select her for the open Nursing Home Administrator position because of her race and/or her race discrimination complaints.

80.     On January 3, 2022, Kenisha Parks (Black), Director of Nursing, announced that she was resigning, effective February 3, 2022.

81.     On January 24, 2022, in an email to Dooley, Plaintiff asked her if the Director of Nursing position should be posted, as she had not received direction to post it.

82.     On January 24, 2022, in a response email from Dooley, she stated the following: "No, I'm going in a different direction and working with Doug. Once confirmed, I'll let you know."

83.     On January 27, 2022, in a meeting with Dooley and Parks, Plaintiff again expressed her desire to be promoted to the Executive Director position that Dooley would be vacating, and she expressed her desire to be promoted to the Director of Nursing position that Parks would be vacating.

84.     On February 7, 2022, Defendants failed to promote Plaintiff to Director of Assisted Living, which replaced the Director of Nursing position.

85.     Instead of promoting Plaintiff, Defendants promoted Carrie Christof (white).

86.     As Defendants' Business and Human Resource Director, Plaintiff had access to Defendants' job descriptions, and was able to confirm that Defendants had modified the Director of Assisted living job description to be more in line with Christof's credentials prior to selecting her for the position.

87.     Plaintiff had no opportunity to apply for the position, as the position was not posted.

88.     If the position had been posted, Plaintiff would have applied for it.

9

89.    Plaintiff was more qualified for the position than the white employee that Defendants promoted.

90.    Defendants failed to promote Plaintiff to the Director of Assisted Living or Director of Nursing position because of her race and/or her race discrimination complaints.

91.    Plaintiff was provided with no explanation, including the selection criteria, as to why she was not interviewed or selected for the Director of Assisted Living or Director of Nursing position and the less qualified, white employee was selected instead.

92.    On February 7, 2022, Defendants hired Patricia Lamoruex (white) into the newly-created Vice President of Human Resources position.

93.    On February 10, 2022, Defendants failed to promote Plaintiff to Executive Director.

94.    Instead of promoting Plaintiff, Defendants selected Timothy McCracken (white), an external candidate.

95.    As Defendants' Business and Human Resource Director, Plaintiff had access to Defendants' job descriptions, and was able to confirm that Defendants had modified the Executive Director job description to be more in line with McCracken's credentials prior to selecting him for the position.

96.    Plaintiff had no opportunity to apply for the position, as the position was not posted.

97.    If the position had been posted, Plaintiff would have applied for it.

98.    Plaintiff was more qualified for the position than the external, white candidate that Defendants hired.

99.    Defendants failed to promote Plaintiff to the Executive Director because of her race and/or her race discrimination complaints.

10

100.    Plaintiff was provided with no explanation, including the selection criteria, as to why she was not interviewed or selected for the Executive Director position and the less qualified, external, white candidate was selected instead.

101.    In a meeting on February 16, 2022, Lamoruex stated that she would refer to Plaintiff's position as Human Resource Specialist, instead of Business and Human Resource Director.

102.    Plaintiff stated that this felt like a demotion, and that she was responsible for two (2) positions, both Business Office and Human Resources Director functions.

103.    Plaintiff expressed her disappointment that she was not promoted, and asked why she was not interviewed or selected for any of the recently-open positions for which she was qualified.

104.    Lamoruex did not answer Plaintiff's questions, and responded that she was doing a salary restructure and that things would be changing.

105.    Lamoruex stated that, once Dooley left, Plaintiff would be reporting to her for part of her position and would report to McCracken for the other part of her position.

106.    To Plaintiff's knowledge and belief, there have been no Black employees in the Executive Director position at Defendants.

107.    To Plaintiff's knowledge and belief, there have been no Black employees in any Executive position at Defendants.

108.    Defendants failed to remedy or prevent the race discrimination and retaliation to which Plaintiff was subjected.

109.    Defendants failed to investigate Plaintiff's complaints of race discrimination.

11

110. On February 28, 2022, Plaintiff went out of work on medical leave of absence, due to the race discrimination and retaliation to which she had been subjected.

111. On March 11, 2022, in an email to Dooley, copying Flasher and Lamoreux, Plaintiff resigned from her employment with Defendants, effective immediately.

112. Plaintiff stated the following: "I am writing to inform you that I am resigning from my position of Business and Human Resource Director with immediate effect as of March 11th, 2022. While working for Simpson Meadows Company I have been subjected to racial discrimination and retaliation that I have been subjected too. I emotionally and mentally cannot handle this work environment any longer, hence the aforementioned actions are the reason why my decision to end my employment will be effective immediately."

113. Defendants made no effort to retain Plaintiff as an employee.

114. Plaintiff resigned from her employment with Defendants because of the race discrimination and retaliation to which she was subjected at Defendants.

115. Defendants failed to promote Plaintiff because of her race and/or her engaging in protected activity by complaining of race discrimination.

116. Defendants subjected Plaintiff to a hostile work environment because of her race and/or her engaging in protected activity by complaining of race discrimination.

117. Defendants retaliated against Plaintiff because of her race and/or her engaging in protected activity by complaining of race discrimination.

118. Defendants' discriminatory and retaliatory conduct and comments have caused Plaintiff emotional distress.

119. Defendants did not target or treat in the same way similarly-situated non-Black and/or non-complaining employees.

12

120. Plaintiff's race was a motivating and/or determinative factor in connection with Defendants' discriminatory treatment of Plaintiff, including without limitation, in failing to promote Plaintiff and in the creation of the hostile work environment to which Plaintiff was subjected.

121. Plaintiff's complaining of discrimination was a motivating and/or determinative factor in connection with Defendants' discriminatory and retaliatory treatment of Plaintiff, including without limitation, in failing to promote Plaintiff and in the creation of the hostile work environment to which Plaintiff was subjected.

122. Defendants failed to prevent or address the harassing, discriminatory, and retaliatory conduct referred to herein and further failed to take corrective and remedial measures to make the workplace free of harassing, discriminatory, and retaliatory conduct.

123. The conduct of Defendants, as set forth above, was severe and/or pervasive enough to make a reasonable person believe that the conditions of employment were altered and the working environment was hostile or abusive.

124. The retaliatory actions taken against Plaintiff after she complained of discriminatory conduct would have discouraged a reasonable employee from complaining of discrimination.

125. As a direct and proximate result of Defendants' discriminatory and retaliatory conduct, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

13

126.    The conduct of Defendants, as set forth above, was outrageous under the circumstances, was done by and with the knowledge of upper management, and warrants the imposition of punitive damages against Defendants.

127.    The conduct of Defendants, as set forth above, was willful and intentional.

## COUNT I – TITLE VII

128.    Plaintiff incorporates by reference the foregoing paragraphs as set forth herein in their entirety.

129.    By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated Title VII.

130.    Defendant acted willfully and/or intentionally with malice and/or reckless indifference to Plaintiff's federally protected rights, and Defendant's conduct was especially egregious, warranting the imposition of punitive damages.

131.    As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

132.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

133.    No previous application has been made for the relief requested herein.

## COUNT II – SECTION 1981

134.    Plaintiff incorporates by reference the foregoing paragraphs as set forth herein in their entirety.

135.    By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated Section 1981.

136.    Defendant acted willfully and/or intentionally with malice and/or reckless indifference to Plaintiff's federally protected rights, and Defendant's conduct was especially egregious, warranting the imposition of punitive damages.

137.    As a direct and proximate result of Defendant's violation of Section 1981, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

138.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

139.    No previous application has been made for the relief requested herein.

### COUNT III – PHRA

140.    Plaintiff incorporates by reference the foregoing paragraphs as set forth herein in their entirety.

141.    By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants have violated the PHRA.

142.    Said violations were intentional and willful.

143.    As a direct and proximate result of Defendants' violation of the PHRA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

144.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

145.    No previous application has been made for the relief requested herein.

## COUNT IV – PFPO

146.    Plaintiff incorporates by reference the foregoing paragraphs as set forth herein in their entirety.

147.    By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants have violated the PFPO.

148.    Defendants acted willfully and intentionally, and with malice and/or reckless indifference to Plaintiff's rights, thereby warranting the imposition of punitive damages.

149.    As a direct and proximate result of Defendants' violation of the PFPO, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

150.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

151.    No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants:

(a) declaring the acts and practices complained of herein to be a violation of Title VII;

(b) declaring the acts and practices complained of herein to be a violation of Section 1981;

(b) declaring the acts and practices complained of herein to be in violation of the PHRA;

(b) declaring the acts and practices complained of herein to be in violation of the PFPO;

(c) entering judgment against Defendants and in favor of Plaintiff in an amount to be determined;

(d)    enjoining and restraining permanently the violations alleged herein;

16

(e)     awarding compensatory damages to Plaintiff to make Plaintiff whole for all past and future lost earnings, benefits, and earning capacity, which Plaintiff has suffered and will continue to suffer as a result of Defendants' discriminatory, retaliatory, and unlawful misconduct;

(f)     awarding compensatory damages to Plaintiff for past and future emotional upset, mental anguish, humiliation, loss of life's pleasures, and pain and suffering;

(g)     awarding Plaintiff costs of this action, together with reasonable attorney's fees;

(h)     awarding punitive damages to Plaintiff;

(i)     awarding Plaintiff such other damages as are appropriate under Title VII, Section 1981, the PHRA, and the PFPO; and

(j)     granting such other and further relief as this Court deems appropriate.


                                                    **CONSOLE MATTIACCI LAW, LLC**

Dated: December 18, 2023                    BY:    */s/ Katherine C. Oeltjen*_____
                                                    Katherine C. Oeltjen, Esquire
                                                    **CONSOLE MATTIACCI LAW LLC**
                                                    1525 Locus Street, 9th Floor
                                                    Philadelphia, PA 19102
                                                    Telephone: (215) 545-7676
                                                    Facsimile: (215) 565-2852

                                                    *Attorney for Plaintiff, Judy Brown*

# Exhibit "1"

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

Received

MAR 1 5 2022

PA Human Relations Commission
Philadelphia Regional Office

## COMPLAINT

COMPLAINANT:

**JUDY BROWN**

v.

RESPONDENTS:

**SIMPSON MEADOWS**

and

**SIMPSON SENIOR SERVICES**

and

**SIMPSON MEADOWS RETIREMENT
COMMUNITY**

Docket No. 202102007

1. The Complainant herein is:

    Name:    Judy Brown

    Address:    █████████████████

2. The Respondents herein are:

    Names:    Simpson Meadows; Simpson Senior Services; Simpson Meadows
               Retirement Community

    Address:    150 Monument Road, Suite 202
               Bala Cynwyd, PA 19004

3.  I, <u>Judy Brown</u>, the Complainant herein, allege that I was subjected to unlawful discrimination because of my race (black) and retaliation because of my complaints of race discrimination.

## Discrimination and Retaliation

A.  I specifically allege:

[1]      I began working at Respondents on or about July 9, 2019.

[2]      I held the position of Business and Human Resource Director.

[3]      I consistently performed my job duties in a highly competent manner and receive positive feedback.

[4]      I last reported to Gail Dooley (white), Executive Director.  Dooley reported to Douglas Flasher (white), Chief Operating Officer.

[5]      Respondents have an underrepresentation of black employees, especially in high level positions.

[6]      On January 1, 2020, I began reporting to Dooley.

[7]      Dooley had no role in my being hired.

[8]      At the time of my resignation, I was the only black employee directly reporting to Dooley.

[9]      At the time of my resignation, I was the only black employee holding a Director position at Respondents.

[10]      At the time of my resignation, I was the highest-ranking black employee at Respondents.

[11]      Dooley treated black employees, including me, differently and worse, and in a more hostile and dismissive manner, than she treated white employees.

[12]    Dooley held me to a more stringent standard than she held white employees.

[13]    Dooley allowed white employees more flexibility with their schedules than she allowed me.

[14]    Dooley provided white Directors with laptops to work from home but, despite my request for a laptop to work from home, I was denied the same.

[15]    On August 20, 2020, I requested a salary increase. Dooley responded that I was doing what I had been hired to do and that a salary increase was not warranted for me.

[16]    Respondents failed to give me a salary increase because of my race.

[17]    On February 14, 2021, after I had terminated now former employee Maxine DeSanto (white), at Respondents' instruction, DeSanto called me in my office, yelling and cursing at me. I had DeSanto on speakerphone, and Joanne Wills (white), Receptionist, could hear the conversation. Before hanging up the phone on me, DeSanto called me a "nigger."

[18]    On February 14, 2021, following the above, I immediately complained to Dooley that DeSanto had called me a "nigger." Dooley asked Wills if the same was true, and Wills confirmed that it was.

[19]    Following the above, DeSanto called Respondents several more times, asking to get her second COVID-19 vaccination at Respondents' employee clinic.

[20]    Following the above, I heard that Respondents had made the decision to allow DeSanto to return to Respondents to get her second COVID-19 vaccination at Respondents' employee clinic.

[21] On February 26, 2021, in a conversation with Dooley, I objected to Respondents' decision to allow DeSanto to return to Respondents to get her second COVID-19 vaccination at Respondents' employee clinic after she had called me a "nigger."

[22] On March 1, 2021, at a Directors' meeting, which Dooley attended, I complained of race discrimination. I complained that Respondents had made the decision to allow DeSanto to return to Respondents to get her second COVID-19 vaccination at Respondents' employee clinic after calling me a "nigger." I stated that Respondents' handbook stated that Respondents did not accept any form of racism, but that Respondents were not adhering to the same. I stated that Respondents' decision made me feel unvalued and unappreciated. Dooley responded that she had not taken my feelings into consideration.

[23] In March 2021, I obtained my Assisted Living Certification License.

[24] In March 2021, following the above, Dooley asked me why I obtained my Assisted Living Certification License. I told her that I obtained the License because I wanted to advance my career with Respondents, and that obtaining my License was the next step. I told her that I was also taking Nursing Home Administrators classes so that I could continue to advance my career with Respondents. She told me that taking such classes was unnecessary.

[25] I expressed my desire to be promoted at Respondents.

[26] On July 15, 2021, Respondents hired Ashley Kratzer (white), Controller.

[27] On August 9, 2021, Respondents hired Kenneth Franiak (white), Vice President for Finance and Chief Financial Officer.

[28] On October 20, 2021, in a meeting with Dooley and Parks, I complained of race discrimination. I complained that Dooley treated me differently and worse than she treated Laura Kasal (white), Director. Dooley was dismissive of my complaint. Dooley told me

that she would not discuss another employee's treatment with me, could not change the way I felt, and did not feel like she had said or done anything wrong.

[29]   On October 21, 2021, in an email to Flasher, I stated the following: "I would like to speak with you regarding my conversation with Gail yesterday morning. I know you are busy with the budget but if you could let me know when you are available I would appreciate it."

[30]   I received no response to my email

[31]   On November 1, 2021, Dooley announced that she was retiring, effective in 2022, and that Respondents were searching for her replacement.

[32]   I expressed my desire to be promoted to the Executive Director position that Dooley would be vacating. I asked Dooley when her position would be posted. Dooley stated that posting the position was unnecessary.

[33]   From December 2 to 9, 2021, I went out of work on medical leave of absence, due to the race discrimination to which I had been subjected.

[34]   On December 14, 2021, I applied for the posted Nursing Home Administrator position. I was qualified for the position.

[35]   I received no response to my application.

[36]   It appeared in Respondents' system that my application was never reviewed.

[37]   I received no explanation, including the criteria, as to why I was not interviewed or selected for the Nursing Home Administrator position.

[38]   Respondents failed to interview me or select me for the open Nursing Home Administrator position because of my race and/or my race discrimination complaints.

[39]     On January 3, 2022, Kenisha Parks (black), Director of Nursing, announced that she was resigning, effective February 3, 2022.

[40]     On January 24, 2022, in an email to Dooley, I asked her if the Director of Nursing position should be posted, as I had not received direction to post it.

[41]     On January 24, 2022, in a response email from Dooley, she stated the following: "No. I'm going in a different direction and working with Doug. Once confirmed, I'll let you know."

[42]     On January 27, 2022, in a meeting with Dooley and Parks, I again expressed my desire to be promoted to the Executive Director position that Dooley would be vacating, and I expressed my desire to be promoted to the Director of Nursing position that Parks would be vacating.

[43]     On February 7, 2022, Respondents failed to promote me to Director of Assisted Living, which replaced the Director of Nursing position. Instead of promoting me, Respondents promoted Carrie Christof (white). I had no opportunity to apply for the position, as the position was not posted. If the position had been posted, I would have applied for it. I was more qualified for the position than the white employee that Respondents promoted.

[44]     Respondents failed to promote me to the Director of Assisted Living or Director of Nursing position because of my race and/or my race discrimination complaints.

[45]     I was provided with no explanation, including the selection criteria, as to why I was not interviewed or selected for the Director of Assisted Living or Director of Nursing position and the less qualified, white employee was selected instead.

[46]     On February 7, 2022, Respondents hired Patricia Lamoruex (white) into the newly-created Vice President of Human Resources position.

o: ~12159652489    From: Nancy Glac

[47]    On February 10, 2022, Respondents failed to promote me to Executive Director. Instead of promoting me, Respondents selected Timothy McCracken (white), an external candidate. I had no opportunity to apply for the position, as the position was not posted. If the position had been posted, I would have applied for it. I was more qualified for the position than the external, white candidate that Respondents hired.

[48]    Respondents failed to promote me to the Executive Director because of my race and/or my race discrimination complaints.

[49]    I was provided with no explanation, including the selection criteria, as to why I was not interviewed or selected for the Executive Director position and the less qualified, external, white candidate was selected instead.

[50]    On February 16, 2022, in a meeting with Lamoruex, she stated that she would refer to my position as Human Resource Specialist, instead of Business and Human Resource Director. I stated that this felt like a demotion, and that I was responsible for two (2) positions, both Business Office and Human Resources Director functions. I expressed my disappointment that I was not promoted, and asked why I was not interviewed or selected for any of the recently open positions for which I was qualified. Lamoruex did not answer my questions, and responded that she was doing a salary restructure and that things would be changing. She stated that, once Dooley left, I would be reporting to her for part of my position and would report to McCracken for the other part of my position.

[51]    To my knowledge and belief, there have been no black employees in the Executive Director position at Respondents.

[52]    To my knowledge and belief, there have been no black employees in any Executive position at Respondents.

[53]    Respondents failed to remedy or prevent the race discrimination and retaliation against me.

[54]    Respondents failed to investigate my complaints of race discrimination.

[55]    On February 28, 2022, I went out of work on medical leave of absence, due to the race discrimination and retaliation to which I have been subjected.

[56]    On March 11, 2022, in an email to Dooley, copying Flasher and Lamoreux, I resigned from my employment with Respondents, effective immediately. I stated the following: "I am writing to inform you that I am resigning from my position of Business and Human Resource Director with immediate effect as of March 11th, 2022. While working for Simpson Meadows Company I have been subjected to racial discrimination and retaliation that I have been subjected too. I emotionally and mentally cannot handle this work environment any longer, hence the aforementioned actions are the reason why my decision to end my employment will be effective immediately."

[57]    Respondents made no effort to retain me as an employee.

[58]    I resigned from my employment with Respondents because of the race discrimination and retaliation to which I have been subjected at Respondents.

[59]    Respondents failed to promote me because of my race and my race discrimination complaints.

[60]    Respondents subjected me to a hostile work environment because of my race and my race discrimination complaints.

[61]    Respondents' race discriminatory and retaliatory conduct toward me has caused me emotional distress.

B. Based on the aforementioned. I allege that Respondents have discriminated against me because of my race (black). and retaliated against me because of my complaints of race discrimination. in violation of Title VII of the Civil Rights Act of 1964. as amended. 42 U.S.C. § 2000e. *et seq.* ("Title VII"). the Pennsylvania Human Relations Act. as amended. 43 P.S. § 951. *et seq.* ("PHRA"). and the Philadelphia Fair Practices Ordinance. Phila. Code § 9-1101. *et seq.* ("PFPO").

4.    The allegations in Paragraph 3 hereof constitute unlawful discriminatory and retaliatory practices in violation of:

__X__    **Pennsylvania Human Relations Act (Act of October 27. 1955. P.L. 744. as amended) Section 5 Subsection(s):** __(a); (d)__

____    Section 5.1 Subsection(s) _____

____    Section 5.2 Subsection(s) _____

____    Pennsylvania Fair Educational Opportunities Act (Act of July 17. 1961. P.L.. 766. as amended) Section 4 Subsection(s) _____

5.    Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

__X__    **This charge will be referred to the EEOC for the purpose of dual filing.**

6.    The Complainant seeks that Respondent be required to:

(a) Make the Complainant whole.

(b) Eliminate all unlawful discriminatory and retaliatory practice(s) and procedure(s).

To: ~12159652489   Page: 12 of 13   2022-03-15 15:07:26 EDT   12155652858   From: Nancy Gloc

(c) Remedy the discriminatory and retaliatory effect of past practice(s) and procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

3/11/2022                      _Judy Brown_
(Date Signed)          (Signature)     Judy Brown

# Exhibit "2"

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

**To:**   Judy Brown

████████████████████

**Re:**   Judy Brown v. Simpson Meadows; Simpson Senior Services
EEOC Charge Number: 17F-2022-60840

EEOC Representative and email:       State Local and Tribal Program Manager
PHLSTATEANDLOCAL@EEOC.GOV

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC has adopted the findings of the state or local fair employment practices agency that investigated your charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) received this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

Please retain this notice for your records.

On Behalf of the Commission:

Digitally Signed By: Karen McDonough  9/20/2023
Karen McDonough
Deputy District Director

cc:

| For Respondent | For Charging Party |
|---|---|
| Glenn R. Davis, Esq. | Emily R. Derstine Friesen, Es |
| Latsha Davis Yohe & McKenna P.C. | Console Mattiacci Law LLC |
| 1700 Bent Creek Boulevard, Suite 140 | 1525 Locust Street, 9th Floor |
| Mechanicsburg, PA 17050 | Philadelphia, PA 19102 |